**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:08CV-188-R**

**MARK TUNNE**                                                                    **PLAINTIFF**

**v.**

**PADUCAH POLICE DEPT.** *et al.*                                    **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's joinder request (DN 8), amended joinder request (DN 13), and motion to expedite (DN 11).  Each is addressed below.

***Joinder requests.***  Plaintiff seeks to join Paducah City Attorney Stacey Blankenship and her law firm, Denton & Keuler, Inc., as defendants in this action "for denying [him] his civil rights to file criminal charges against U.S. Postal employee, Beth Cluck under all applicable federal civil rights laws, and all applicable federal tort claims."  He additionally seeks to join a claim against Defendants Commonwealth of Kentucky, the City of Paducah, McCracken County, the Paducah Police Department, and the McCracken County Prosecutor's Office "for denying [him] his civil rights to file criminal charges against U.S. Postal employee, Beth Cluck under all applicable federal civil rights laws and federal tort claims."  He claims that he asked to file a criminal complaint against Cluck on several occasions before and after his acquittal of the charges brought against him.

Plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985, and 1986; the Federal Tort Claims Act (FTCA); and state law (negligence, negligence *per se*, vicarious liability, abuse of process, intentional infliction of emotional distress, and invasion of privacy and false light misrepresentation).

As to the constitutional claims arising under § 1983, these claims fail.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).  "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right."  *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)); *Nelson v. Detroit Police Dep't*, 798 F.2d 470 (6th Cir. 1986).  As further explained by the Sixth Circuit:

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly.  *Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973).  However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff.  *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).  Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the response was inadequate.  On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, No. 85-3307, 1985 WL 13876, at *1 (6th Cir. Oct. 9, 1985); *see also Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (explaining that victims lack constitutional right to compel criminal prosecution); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.") (emphasis omitted); *Taylor v. Matthews*, No. C 97-1503 FMS(PR), 1997 WL 257507, at *1 (N.D. Cal. May 6, 1997) (finding that police officers failed to violate plaintiff's constitutional rights when they failed to take plaintiff's complaint for criminal charges against the victim of the crime for which he was convicted); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime

2

does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

Plaintiff has made no allegation that the failure to investigate was on the basis of race or other characteristic that would implicate any equal protection violation. *See Burchett v. Self*, No. 94-5058, 1994 WL 276865, at *2 (6th Cir. June 21, 1994) ("Because Burchett fails to claim that the FBI agent's alleged inaction was motivated by impermissible reasons, Burchett fails to assert a *Bivens* action against the FBI agent."). Accordingly, Plaintiff is not entitled to relief on the § 1983 claim.

Plaintiff has failed to state which section of § 1985 he alleges has been violated, and for the same reasons that the Court, on initial review of the complaint and amended complaint by separate Memorandum Opinion and Order entered this date, dismissed the § 1985 claim against all other Defendants, the Court denies Plaintiff's § 1985 claim against those persons/entities named in the joinder request. Moreover, a § 1986 violation cannot be sustained because a cause of action under § 1986 is based on the violation of § 1985. *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that a "§ 1986 claim is derivative and conditioned on establishing a § 1985 violation"). As this Court has already concluded that there is no violation under § 1985, the § 1986 claim necessarily fails as well.

Any FTCA fails because those individuals/entities named in the motions for joinder are not employees of the federal government. *See Petty v. United States*, 80 F. App'x 986, 989 (6th Cir. 2003) ("As for the Detroit police officers who entered the Petty home, their actions cannot be the basis of liability under the FTCA because they are not federal employees.").

3

Finally, Plaintiff has failed to state facts to support any of his state-law claims.

Because Plaintiff has failed to state a claim upon which relief may be granted, joinder of Stacey Blankenship and her law firm in this action and the joinder of claims respect to the other Defendants would be fruitless and must be denied.

Accordingly, **IT IS ORDERED** that Plaintiff's request and amended request for joinder (DNs 8 & 13) are **DENIED**.

***Motion to expedite.***  Plaintiff asks the Court to address and resolve his case.  By separate Memorandum Opinion and Order, the Court has performed an initial review of the complaint and amended complaint and allowed some claims to proceed.  Further, in the instant Memorandum and Order, the Court has ruled on all pending motions.  As there is nothing pending at this time, **IT IS ORDERED** that the motion to expedite (DN 11) is **DENIED as moot.**

Date:

cc:    Plaintiff, *pro se*
       Defendants
       Attorney for City of Paducah
       McCracken County Attorney
       U.S. Attorney
4413.005

4