# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**CIVIL ACTION NO. 5:08-CV-00188-JHM**

**MARK TUNNE**                                                      **PLAINTIFF**

**V.**

**PADUCAH POLICE DEPT., et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Mark Tunne's Motion to Reconsider [DN 87]. While the Court has received the Plaintiff's memorandum and the Defendants' response, no reply in this matter has been filed. As the deadline for a reply has come and gone, the Court finds that the matter is ripe for decision. For the following reasons, Plaintiff's motion to reconsider is **DENIED**.

## I. DISCUSSION

Plaintiff has asked the court to reconsider its denial of his motion for summary judgment and its grant of Defendants' motion to dismiss. Defendants have responded asserting that the Court no longer has jurisdiction over this matter.

On May 23, 2011, Plaintiff filed a notice of appeal with this Court [DN 85]. On June 3, 2011, the Plaintiff's appeal was docketed with the Sixth Circuit Court of Appeals. Fed. R. Civ. P. 60 is the rule governing relief from a judgment or order. Rule 60(a) states that a district court may correct clerical mistakes, oversights and omissions, on motion by the parties or on its own. Fed. R. Civ. P. 60(a). "But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Id. Rule 60(b) states that a district court may relieve a party from a final judgment for mistake, newly discovered evidence,

and fraud among other things.  Fed. R. Civ. P. 60(b).

"Although Rule 60(a) specifically addresses the issue of the district court's jurisdiction over an action while an appeal is pending, Rule 60(b) is silent on the issue.  As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court."  Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993) (internal citations omitted).  However, the Sixth Circuit "'has consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal.'"  Id. (quoting Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir. 1981)).  Whether a Rule 60(b) motion would aid in an appeal requires that the district court make a tentative ruling upon the proposed motion.  Cochran, 651 F.2d at 1221 n.5; First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d 343, 346 (6th Cir. 1976).  "If the district judge is disposed to grant the motion, he may enter an order so indicating and the party may then file a motion to remand in this court.  Otherwise, the appeal will be considered in regular course."  First Nat'l Bank, 535 F.2d at 346.

Plaintiff's motion to reconsider does not specify whether it is seeking reconsideration under Rule 60(a) or (b).  Plaintiff has filed an appeal with the Sixth Circuit, which clearly divests the Court of jurisdiction under Rule 60(a).  Furthermore, having reviewed Plaintiff's motion, the Court is not disposed to granting the motion to reconsider.  Therefore, a determination of the matter would not aid in the appeal as set out in Cochran and First National Bank.  Regardless of the section invoked, the Court finds that it does not have jurisdiction to hear this matter.

## II. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff Mark Tunne's

Motion to Reconsider [DN 87] is **DENIED**.

cc: counsel of record
Mark Tunne, pro se